IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA DALZELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5671 |
| v. | ) | |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Patricia Dalzell's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

## BACKGROUND

I. **PROCEDURAL HISTORY**

Plaintiff filed her applications for SSI and DIB on August 6, 2014, alleging disability since July 1, 2013, due to post traumatic stress disorder, clinical depression, anxiety/panic attacks, and a herniated disc in her back. (R. 221–32, 261.) Her applications were denied initially and again upon reconsideration. (R. 96–153.) Plaintiff presented for a hearing before an Administrative Law Judge ("ALJ") on May 31, 2016, represented by an attorney. (R. 28–95.) A vocational expert ("VE") was present and offered testimony. (*Id.*) On July 20, 2016, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled. (R. 7–27.) The Appeals Council denied review on June 12, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

II. **ALJ DECISION**

On July 20, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 7–27.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 1, 2013, her alleged onset date. (R. 12.) At step two, the ALJ found that Plaintiff had to following severe impairments: degenerative disc disease of the lumbar spine, depression, bipolar disorder, anxiety, and post-traumatic stress disorder. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (R. 13.)

Before step four, the ALJ found that prior to Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[1] (R. 25.) At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a maid. (R. 20.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (R. 22.)

## DISCUSSION

### I. ALJ STANDARD

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ

---

[1] The ALJ limited Plaintiff to occasionally lifting or carrying twenty pounds and frequently lifting or carrying ten pounds. (R. 15.) In addition, he stated that:

> Plaintiff can sit for six hours, stand for six hours, and walk for six hours. She can push and or pull as much as [she] can lift and or carry. She can frequently climb ramps or stairs. She can occasionally climb ladders, ropes, or scaffolds. She can stoop and kneel occasionally. She can frequently crouch and frequently crawl. She is limited to performing simple, routine tasks. She is limited to simple work-related decisions regarding using judgment. She can frequently respond appropriately to supervisors. She can occasionally respond appropriately to co-workers and the public. She is limited to simple work [-] related decision in dealing with changes in the work setting.

(*Id.*)

considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues remand is appropriate because the ALJ: (1) improperly evaluated the "Paragraph B" criteria; (2) failed to account for all of Plaintiff's impairments in his RFC determination; (3) erroneously discounted her subjective symptom allegations; and (4) improperly evaluated the medical opinion evidence. The Court finds that remand is appropriate because that the ALJ failed to properly evaluate the medical opinion evidence.

### A. <u>Opinion Evidence</u>

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted). And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's

specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See Id.*

Plaintiff contends that the ALJ improperly rejected the opinions of her treating physicians, Dr. Marina Smirnov, M.D., and Dr. Janet Choi, M.D. The Court addresses each in turn.

### 1. *Dr. Smirnov*

Plaintiff first presented to Dr. Smirnov in August of 2015 for psychiatric treatment. (R. 455.) Shortly after her first appointment with Plaintiff, Dr. Smirnov authored a letter wherein she opined that Plaintiff would not be able to work due to her mental health problems, which were exacerbated by her medical issues. (R. 439.) The ALJ assigned little weight to Dr. Smirnov's finding because she had a "very limited treating relationship" with Plaintiff at the time she rendered her opinion. (R. 18.) He also found that her opinion was "conclusory" and unsupported by any explanation. (*Id.*)

In January 2016, Dr. Smirnov completed a Treating Physician Social Security Medical Questionnaire. (R. 465–67.) In her report, Dr. Smirnov opined that Plaintiff had marked limitations in all three of the Paragraph B functional areas (activities of daily living, maintaining social functioning, and deficiencies of concentration, persistence or pace) and that she would be markedly or fully impaired in sixteen out of nineteen work-related functions as a result of her psychiatric impairments. (*Id.*) Further, Dr. Smirnov opined that Plaintiff would be

absent from work more than four days per month due to her mental impairments. (R. 467.)

The ALJ assigned little weight to the findings Dr. Smirnov expressed in her questionnaire. (R. 19.) To begin, the ALJ explained that Dr. Smirnov's limited treatment relationship with Plaintiff at the time she completed the questionnaire (five months) cut against adopting her opinion. (*Id.*) Second, the ALJ noted that Dr. Smirnov's opinions were contradicted by Plaintiff's activities of daily living, specifically her attendance at AA meetings and performing home repairs. (*Id.*)

The ALJ's decision overlooks several of the factors required by the regulations. The ALJ acknowledged that Dr. Smirnov treated Plaintiff for five months at the time she completed the questionnaire (length of treatment relationship), but simultaneously ignores the fact that Plaintiff had met with Dr. Smirnov four more times since her first evaluation. Likewise, the ALJ does not discuss that Plaintiff presented to Dr. Smirnov specifically for psychological treatment of her bipolar disorder, panic disorder, and post-traumatic stress disorder, or that fact that Dr. Smirnov also prescribed medication for her impairments (extent and nature of treatment). (R. 460, 463.) While the ALJ does note that Plaintiff's activities of daily living contradict Dr. Smirnov's findings (consistency with the record), he provides no explanation as to how the ability to attend group meetings and perform home repairs outweighs other evidence supporting Dr. Smirnov's opinion. For example, Plaintiff consistently reported anxiety and panic attacks to Dr. Smirnov. (R. 459, 462.) Moreover, the ALJ failed to

8

discuss the consistency between Dr. Smirnov's 2015 letter, her treatment notes, and her January 2016 questionnaire (supportability), all which support her finding that Plaintiff would have difficulty in a competitive work environment. As a result, the Court cannot say that the ALJ sufficiently articulated his reasoning for rejecting Dr. Smirnov's opinion. Therefore, remand is appropriate.

### 2. Dr. Choi

Similarly, Plaintiff argues that the ALJ improperly discounted the opinion of her treating neurologist, Dr. Choi. In September 2015, Dr. Choi completed a Residual Function Capacity Questionnaire where she diagnosed Plaintiff with chronic migraines. (R. 681–86.) In her questionnaire, Dr. Choi stated that Plaintiff had visited her monthly since establishing care with her in July 2015. (*Id.*) As a result of her headaches, Dr. Choi opined that Plaintiff would be precluded from performing basic work activities and would need to take four-hour breaks daily during an eight-hour work day. (R. 684.) Like Dr. Smirnov, Dr. Choi opined that Plaintiff would be absent from work more than four times per month. (R. 685.) In fact, Dr. Choi based her findings in part on the Dr. Smirnov's August 2015 letter. (R. 685.)

The ALJ accorded little weight to Dr. Choi's opinion. (R. 18.) He did note that Dr. Choi was a neurologist, to whom Plaintiff presented monthly, but he found that her opinion was entitled to little weight because she relied on the "conclusory opinion" of Plaintiff's psychiatrist (Dr. Smirnov) when making her assessment. (R. 18.) The ALJ also pointed out that Plaintiff's "limited treating relationship" with

9

Dr. Choi further diminished the weight that should be accorded to her opinion (length of treatment relationship). (*Id.*) Finally, the ALJ discounted Dr. Choi's opinion because there were "little treatment records for migraine headaches" to support the opinion (supportability). (*Id.*) The ALJ does not articulate how few treatment records for migraine headaches cuts against Dr. Choi's opinion, particularly when the ALJ does not articulate why she should have sought treatment earlier than she did with Dr. Choi. Moreover, the ALJ's decision fails to discuss the extent of Dr. Choi's relationship with Plaintiff and the consistency of her opinion with the records that do pre-date her questionnaire. *See* 20 C.F.R. 404.1527(c). Accordingly, the Court will remand on this point as well.

### B. Plaintiff's Remaining Arguments

Because remand is required, the Court need not address Plaintiff's remaining arguments. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"). The Commissioner should not assume that any other claimed errors not discussed in this Order have been adjudicated in her favor.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 12] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. This matter is remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:   September 19, 2018**   _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**